COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT TRIAL DEPT.
Docket No.: 24CV534

KEITH BROWN,
Plaintiff(s),

v.

MICHAEL LESLIE, KEITH BARNES, BEAU LIRETTE AND THE COMMONWEALTH OF MASSACHUSETTS,
Defendant(s).

RECEIVED 2/23/24 tc

COMPLAINT AND JURY DEMAND

1. The plaintiff, Keith Brown, is an individual who resides in Chelmsford, Middlesex County, Massachusetts.

2. The defendant, Michael Leslie, is a Massachusetts State Police Trooper currently based in Shelbourne Falls, Massachusetts.

3. The defendant, Keith Barnes, is a Massachusetts State Police Trooper currently based in Athol, Massachusetts.

4. The defendant, Beau Lirette, is a Massachusetts State Police Trooper currently based in Athol, Massachusetts.

5. The defendant, Commonwealth of Massachusetts, is a body politic that is formed by the voluntary association of individuals and it is "a social compact, by which the whole people covenants with each citizen, and each citizen with the whole people, that all shall be governed by certain laws for the common good." (Preamble, Massachusetts Constitution) As an association, according to M.G.L. c. 4, § 7, the

Commonwealth of Massachusetts is a person for all purposes under all laws.

**FACTS COMMON TO ALL COUNTS**

6. On August 6, 2021 at approximately 2:00 am, the plaintiff was operating a motor vehicle on a public way in the Commonwealth of Massachusetts.
7. At that time the defendant, Ketih Barnes (hereinafter "Trooper Barnes"), was in the course of his employment as a Massachusetts State Trooper.
8. Trooper Barnes observed the vehicle being driven by the plaintiff pass by his location.
9. Trooper Barnes recognized the passenger in the vehicle to be a person he had dealt with in the past and who he knew to be involved in drug activity.
10. Trooper Barnes, without legal cause or justification, pulled behind the plaintiff's vehicle and effectuated a motor vehicle stop.
11. The motor vehicle stop by Trooper Barnes was illegal and was not based on any motor vehicle infraction or other legal justification.
12. Trooper Barnes removed the plaintiff from the vehicle, placed him in handcuffs, and searched him for weapons and contraband.
13. Trooper Barnes then placed the plaintiff in the rear seat of a cruiser while he searched the plaintiff's vehicle.
14. During the above interactions between Trooper Barnes and the plaintiff, the defendant, Michael Leslie (hereinafter "Trooper Leslie") arrived on the scene.
15. Trooper Barnes and Trooper Leslie then have a discussion during which Trooper Barnes informs Trooper Leslie that the passenger in the car (not the plaintiff) has a history of dealing drugs.

16. During this time the defendant, Beau Lirette (hereinafter "Trooper Lirette") arrives on the scene.

17. Trooper Leslie then, without any legal basis, orders the plaintiff out of the cruiser and conducts an invasive and illegal search of the plaintiff.

18. During his search of the plaintiff, Trooper Barnes reaches his hand between the plaintiff's buttocks and anally rapes the plaintiff.

19. Trooper Barnes, knowing that the search of the plaintiff by Trooper Leslie is an illegal search, stands by and does not intervene to protect the plaintiff from being illegally searched and anally raped by Trooper Leslie.

20. Trooper Lirette, knowing that the search of the plaintiff by Trooper Leslie is an illegal search, stands by and does not intervene to protect the plaintiff from being illegally searched and anally raped by Trooper Leslie.

21. Some time later Trooper Leslie leaves the scene.

22. Thereafter, Trooper Barnes and Trooper Lirette coerce the plaintiff into agreeing to a roadside strip search by telling him he will not be arrested if he allows the search.

23. Trooper Barnes and Trooper Lirette thereafter conduct an illegal and unduly invasive strip search of the plaintiff on the side of the road.

24. No drugs were ever possessed by or found by any of the three troopers.

25. All of the above events were captured on the body-cameras worn by the Troopers.

**COUNT ONE**
**42 U.S.C. 1983 v. Trooper Leslie**

26. The plaintiff repeats and realleges paragraphs 1 through 25 as if set forth herein.

27. The actions of Trooper Leslie violated the plaintiff's clearly established and well settled rights, protected by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures.

WHEREFORE, the plaintiff, Keith Brown, demands judgment against the defendant, Michael Leslie, jointly and severally with all other defendants herein, including:

a. Compensatory Damages;
b. Punitive Damages;
c. Costs of this action;
d. Reasonable attorneys fees; and
e. Such other and further relief as this Court may deem appropriate.

**<u>COUNT TWO</u>**
**42 U.S.C. 1983 v. Trooper Barnes**

28. The plaintiff repeats and realleges paragraphs 1 through 27 as if set forth herein.
29. The actions of Trooper Barnes violated the plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause, to be free from a deprivation of his liberty without due process of law, and to be free from unreasonable searches and seizures.

WHEREFORE, the plaintiff, Keith Brown, demands judgment against the defendant, Keith Barnes, jointly and severally with all other defendants herein, including:

a. Compensatory Damages;
b. Punitive Damages;
c. Costs of this action;
d. Reasonable attorneys fees; and

e. Such other and further relief as this Court may deem appropriate.

**COUNT THREE**
**42 U.S.C. 1983 v. Trooper Lirette**

30. The plaintiff repeats and realleges paragraphs 1 through 29 as if set forth herein.

31. The actions of Trooper Lirette violated the plaintiff's clearly established and well settled rights, protected by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures.

WHEREFORE, the plaintiff, Keith Brown, demands judgment against the defendant, Beau Lirette, jointly and severally with all other defendants herein, including:

a. Compensatory Damages;

b. Punitive Damages;

c. Costs of this action;

d. Reasonable attorneys fees; and

e. Such other and further relief as this Court may deem appropriate.

**COUNT FOUR**
**Negligence v. Commonwealth of Massachusetts**

32. The plaintiff repeats and realleges paragraphs 1 through 31 above as if set forth herein.

33. At all relevant times, Troopers Barnes and Lirette were acting in the course and scope of their employment and were public employees within the meaning of M.G.L. c. 258.

34. Troopers Barnes and Lirette owed a duty to the plaintiff to protect him while he was in their custody.

35. During the course of the events, set forth above, Troopers Barnes and Lirette breached said duty and failed to protect the plaintiff from being illegally searched,

assaulted, and anally raped by Trooper Leslie.

36. As a direct and proximate result of the Troopers' negligence, the plaintiff suffered injury, humiliation, pain and upset.

37. The plaintiff complied with all requirements of M.G.L. c. 258 by presenting his claim for negligence to the Commonwealth by letter dated August 2, 2023.

38. The Commonwealth ignored and otherwise failed to respond to the plaintiff's letter.

WHEREFORE, the plaintiff demands judgement as against the Commonwealth of Massachusetts, jointly and severally with all other defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,
The Plaintiff by his/her attorney

*/s/ Michael J. Heineman*
Michael J. Heineman Esq.
BBO# 556841
Heinlein Beeler Mingace &
Heineman, PC
276 Union Avenue
Framingham, MA 01702
Tel. (508) 626-8500
Fax: (508) 655-2700

Date: February 22, 2024